**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Joe D. NEWMANS**
**Machinery Technician Third Class (E-6), U.S. Coast Guard**

**CGCMG 0311**
**Docket No. 1402**

**23 May 2016**

General Court-Martial convened by Commander, Eighth Coast Guard District.  Tried at New Orleans, Louisiana, on 12 February and 14-18 April 2014.

| | |
|---|---|
| Military Judge: | CAPT Christine N. Cutter , USCG |
| Trial Counsel: | LCDR Damian N. Yemma, USCG |
| Assistant Trial Counsel: | LT Sean T. Pribyl, USCGR |
| Military Defense Counsel: | LCDR Andrew S. Myers, JAGC, USN |
| Assistant Defense Counsel: | LT Justin R. Jolley, USCGR |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LCDR Amanda M. Lee, USCG |

**BEFORE**
**MᶜCLELLAND, SPOLIDORO & JUDGE**
Appellate Military Judges

Per curiam:

Appellant was tried by general court-martial composed of officer and enlisted members. Contrary to his pleas of not guilty, Appellant was convicted of two specifications of sexual assault, in violation of Article 120, Uniform Code of Military Justice (UCMJ) and one specification of assault and battery, in violation of Article 128, UCMJ.  The court sentenced Appellant to confinement for ninety days, reduction to E-1, and a bad-conduct discharge.  The Convening Authority approved the sentence.

Before this court, Appellant has assigned the following errors:

1. Trial Counsel impermissibly bolstered the testimony of a government witness by arguing that her testimony was consistent with everything she had said before.

2. The convictions are factually insufficient because the complainant consented.

On the first issue, Appellant argues that plain error occurred when trial counsel referenced prior consistent statements, not in evidence, of one of the witnesses to bolster that witness's credibility.

Seaman O, a friend of both Appellant and the complainant, testified, among other things, that Appellant visited her the day after the alleged assault and showed her a text message the complainant had sent him, to the effect that "even though it was only twenty or thirty seconds that it shouldn't have happened" and likening the experience to rape. (R$_4$ at 93, 94[1]; *see* Prosecution Ex. 4.) (The complainant had already shown Seaman O the same text message.) Then, she testified, "I said so what you raped her and he discussed it and said that he said yeah I guess I raped her and then just went into the details of what he remembers I guess from the night before." (R$_4$ at 95.) Further, she testified, "He said that she said no a bunch of times but he wanted – he just did it." (*Id.*)

On cross-examination, Seaman O acknowledged that she was not sure of the exact words exchanged between her and Appellant. (R$_4$ at 96.) The defense went on to elicit from her that she had told Coast Guard Investigative Service (CGIS) that she was not sure of the exact language he used. (*Id.*)

Appellant testified in his own defense. Concerning the conversation with Seaman O, Appellant testified that after he showed her the text message, "she said so did you rape her? And I looked at her I said I apparently did, she thinks so." (R$_4$ at 151.)[2] Appellant denied that he had persisted in having sex with the complainant after she said no. (R$_4$ at 144-45, 174, 198.) He also denied that he had told Seaman O that the complainant had said no several times. (R$_4$ at 175.)

---

[1] Each day of trial was represented by a separate numbered volume in the transcript. Page numbering in each volume begins at 1. R$_4$ denotes the fourth volume, which contains the transcript for 16 April 2014.

[2] There is no significant conflict between Appellant's testimony and Seaman O's testimony concerning this statement by Appellant; there is only ambiguity about its meaning. It is characterized by the defense as a sarcastic retort; Appellant himself testified that the statement reflected that he thought a rape allegation would be believed. (R$_4$ at 194-95.)

Seaman O was recalled by the members and testified again that "he said that she said no a bunch of times, but she didn't physically try to stop him." (R₄ at 221.)

During closing argument, the defense called attention to Seaman O's admission, both to CGIS and at trial, that she did not remember Appellant's exact words. (R₅ at 46.)

In rebuttal argument, trial counsel talked about Seaman O, including the following:

> You got an instruction on inconsistent statements and the people who were mentioned in that statement, [the complainant], the accused and one other person I can't remember. But do you know who wasn't mentioned in that statement, or in that instruction, [Seaman O], because her statements have been consistent throughout this whole process. Throughout this lengthy process. When she sat there and told you that he told her [the complainant] said no that was consistent with everything she had said before. When she testified that he said I guess I raped her, that was consistent with everything she had said the entire time throughout this case.

(R₅ at 61.)[3]

There was no objection to this argument. Appellant asserts that it was plain error.

In this argument, trial counsel was pointing out what the members already could have noticed, that Seaman O was not mentioned in a prior inconsistent statement instruction. However, he went farther, asserting that all her statements "throughout this lengthy process" had been consistent. The defense had already pointed out one consistency with a prior statement she had made, but it was not a part of the evidence that Seaman O had made a prior statement that Appellant had told her the complainant had said no "a bunch of times," or that he had expressed an admission of rape. It was error for trial counsel to tell the members she had been consistent throughout the case on these points. Responding as it did to the defense argument, and given that Seaman O had testified at two separate times on the more damning of the two statements, somewhat blurring when the consistent statements might have occurred, we do not see plain or obvious error in trial counsel's argument. Nor do we see it as carrying material prejudice. The issue is rejected.

---

[3] The military judge had given instructions on prior inconsistent statements. (R₅ at 22.)

We also reject the second issue. Taken as a whole, we find the evidence sufficient to support the convictions; we are convinced beyond a reasonable doubt of Appellant's guilt.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved.[4] Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

Sarah P. Valdes
Clerk of the Court

---

[4] On 4 April 2016, Appellant moved for expedited consideration of his case, and we granted the motion. In his Motion, Appellant asserts that he suffers prejudiced because of his lack of DD-214 and anxiety awaiting the results of his appeal. Appellant has not requested relief beyond the expedited consideration of his case, and having considered his assertions of prejudice, we find no other relief warranted.